In the Matter of the Incorporation of THE VILLAGE OF WEBSTER. GEORGE N. HAWLEY and LOUIS J. BILLINGS, Appellants; GEORGE F. HARRIS and JAY R. HAWLEY, Inspectors of Election, Respondents.

*Village election — canvass of votes as to its incorporation — proper method of dealing with marked ballots, ballots folded together and surplus ballots.*

At the close of a village election, to determine whether the village should be incorporated, the ballots were counted without unfolding them. One hundred and six ballots were then found and, it appearing from the poll list that 107 persons had voted, a second count was made with like result. The ballots were then unfolded and during this process two ballots for incorporation were found folded together in such a manner as to indicate that they had been cast by a single voter. One of these ballots, together with one in which the printed word "against" had been stricken out and the word "for" written in its stead, were laid aside by the inspectors. When the remaining ballots were canvassed, it was found that they numbered one hundred and seven, of which fifty-four were "For Incorporation" and fifty-three "Against Incorporation." The inspectors of the election filed a certificate showing that one hundred and nine ballots were cast; that two ballots "For Incorporation" were rejected; that of the remaining ballots fifty-four were "For Incorporation" and fifty-three were "Against Incorporation" thus leaving a majority of one "For Incorporation."

*Held,* that the inspectors erred in the declaration of the result and that the election should be set aside;

That, while it was possible that the folded ballot and the surplus ballots might have been so united as to preserve one hundred and seven legal votes, it was also quite as possible that there were two surplus ballots and an illegal ballot, leaving only one hundred and six legal votes, of which fifty-three had been cast against the proposition, thus making the result a tie.

*Quære,* whether under section 11 of the Village Law (Laws of 1897, chap. 414) construed in connection with section 37 of the Town Law (Laws of 1890, chap. 569, § 39, as renumbered by Laws of 1897, chap. 481, and amd. by Laws of 1899, chap. 168), the inspectors, upon discovering the excess of ballots and the two ballots folded together, should have proceeded in accordance with subdivision 1 of section 110 of the Election Law (Laws of 1896, chap. 909, as amd. by Laws of 1898, chap. 335), namely, have destroyed, before canvassing, sufficient ballots drawn by lot to compensate for the overplus, and have rejected both of the ballots folded together.

APPEAL by George N. Hawley and another from a judgment of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 16th day of July, 1904, upon

the decision of the court, sustaining the canvass of an election held in the village of Webster on the 7th day of June, 1904, upon a proposition for the incorporation of the village.

The election resulted in a declaration by the board of canvassers that the proposition for the incorporation of the village was carried. An appeal was taken from that declaration, and upon such appeal the county judge affirmed the declaration.

*George D. Forsyth,* for the appellants.

*J. W. Barrett,* for the respondents.

STOVER, J.:

The supervisor and town clerk of the town, acting as inspectors of election, filed a certificate of the canvass of the ballots cast, showing 109 ballots cast, of which 54 were " For Incorporation," 53 " Against Incorporation," and that 2 of the ballots with the words " For Incorporation " thereon were rejected, leaving a majority of 1 in favor of the proposition.

When the polls were closed the poll list showed that 107 persons had voted; the ballots cast were counted without unfolding and 106 were found; a second count was made with like result; the ballots were then unfolded; during the process of unfolding 2 ballots for incorporation were found folded together, that is, they had been folded together in the act of folding, and had, therefore, been cast by one person; 1 of these was laid aside by the inspectors. Another ballot in which the printed word "against" was marked off and the word "for" written in its stead was also laid aside. When the remaining ballots were counted and canvassed there were found to be 107, of which 54 were "for" the proposition and 53 "against" it. It thus appears that there were 109 votes in the box, an excess of 2 over the poll list.

Section 11 of the Village Law (Laws of 1897, chap. 414) provides that the inspectors of election "shall possess all the powers conferred by law upon a board of inspectors of election at a town meeting so far as the same are applicable;" and section 14 provides: "Immediately after the closing of the polls of the election the board of inspectors shall canvass the ballots cast thereat, and make and sign a certificate * * * showing * * * the

whole number of such ballots, the number for incorporation and the number against incorporation."

Subdivision 1 of section 110 of the Election Law (Laws of 1896, chap. 909, as amd. by Laws of 1898, chap. 335) prescribes the proceedings in case the ballots found in any box shall be more than the number of ballots shown by the poll books and the ballot clerks' statement to have been deposited therein; and provides that the inspectors shall thoroughly mingle the ballots, and that one of the inspectors designated by the board "shall, without seeing the same and with his back to the box, publicly draw out as many ballots as shall be equal to such excess and, without unfolding them, forthwith destroy them." *

The Town Law (Laws of 1890, chap. 569, § 39, as renumbered § 37 by Laws of 1897, chap. 481, and amd. by Laws of 1899, chap. 168) directs that in the canvass of votes "like proceedings shall be had as to ballots folded together, and difference in number as are prescribed in the general election law."

It is contended by the appellant that the effect of section 11 of the Village Law is to require the same proceedings as obtain in town elections, and as in town elections the same proceedings are to be had whenever it appears that the ballots cast exceed the number shown by the poll books and the ballot clerks' statement as in a general election, therefore, under the provisions of section 11 of the Village Law the inspectors should have followed the rule as laid down in the General Election Law.†

The statute is not explicit; it confers the same powers upon those having charge of the canvass as in general elections; and it may be well said that conferring no greater power they would have no greater right to act in any manner than the inspectors or persons in charge of a town canvass. But above this it is the province of the court to determine whether the result certified is a fair expression of the people and, therefore, it is proper that we should con-

---

* The statute further provides as follows: "If two or more ballots shall be found in the ballot box so folded together as to present the appearance of a single ballot, they shall be destroyed if the whole number of ballots in such ballot box exceeds the whole number of ballots shown by the poll books and ballot clerks' statement to have been deposited therein and not otherwise." — [REP.

† § 110, subd. 1, as amd. by Laws of 1898, chap. 335.— [REP,

sider the situation with the view of determining this fact, namely, does the canvass as certified fairly express the will of the people?

The procedure followed at town meetings as required by the statute, in order to make the ballots counted conform to those shown on the poll books and the ballot clerks' statement, seems to be a fair manner of determination, and has been followed in all elections for many years.

There can be no question that 107 persons voted at this election. It appearing that 2 ballots were found folded together there was a presumption that they had been cast by the same person, and that, therefore, the vote of that person was illegal; this is recognized by the General Election Law,* and with good reason. It being once shown that two ballots instead of one were deposited by a voter, his vote was presumptively fraudulent, and, therefore, both ballots were to be rejected under the law. This presumptively fraudulent vote, there being an excess of two ballots over the number shown by the poll books and the ballot clerks' statement, would apparently show that there were, with the altered ballot to which I have called attention, 3 illegal votes cast. (Election Law, § 110, as amd. by Laws of 1898, chap. 335, and Laws of 1901, chap. 654.) As there were 109 ballots this would reduce the legal ballots to 106. But the canvassers have certified that there were 107 valid ballots cast, and in order to sustain the result of the canvass as certified it is necessary to count 54 votes in favor of the proposition, as there were 53 votes against it. If there were 2 illegal votes, that is, 2 more than appeared upon the poll books and the ballot clerks' statement, and 1 of the ballots cast by somebody whose name appeared upon the list was fraudulent in that 2 ballots were folded together, there would have been 3 ballots to be rejected, leaving 106 legal votes upon the proposition; this would result in a tie, and the incorporation would have been defeated.

The county judge recognized the fact that the canvassers had possibly proceeded in an irregular manner in the count, but arrives at the conclusion that the result would have been the same had they performed their duties as the law directs, but we are not quite satisfied with this result. It may be possible that the folded ballot and the surplus ballots may have been so united as to preserve 107

* § 110, subd. 1, as amd. by Laws of 1898, chap. 335.—[REP.

FOURTH DEPARTMENT, MARCH, 1905.          [Vol. 102.

legal votes, but this is not quite clear, and we think the argument that there were 2 surplus ballots and an illegal ballot is quite as strongly supported as the other theory.  At all events it is not clearly shown that the canvass as certified is a correct statement of the result of the election.  The argument in favor of the canvass is that, destroying the 2 ballots folded together, there would still be left 107 ballots; but, as we have seen, it might be quite possible that the 2 ballots in excess of the number appearing upon the poll books and the ballot clerks' statement might have been cast by some one other than the person casting the 2 folded together.  So that if the surplus ballots of 2 were to be rejected, the other ballot is not counted because being cast by a person entitled to cast but 1 ballot, but who had cast 2, it is rejected for an entirely different reason than those which appear as surplus ballots.  It is true that in the destruction of the surplus ballots there is no purpose of getting at the destruction of the actual excess votes cast, because that is an impossibility, but it is a method of reaching a determination of a question in a practical way, and in as fair a method as probably can be devised.  But as above stated, the ballots folded together are rejected because of a presumptive fraud, and the rejection should be of both ballots and destroys the vote of 1 person; and, therefore, it is impossible for us to say that in the certificate of the canvassers the true result of the election is stated; for if 2 ballots had been drawn from the box before the canvass, upon the discovery of the ballots folded together they would have to be rejected, and possibly there would have been no majority in favor of the proposition.

We think the inspectors erred in the declaration of the result, and the judgment should be reversed.

The decision of the county judge should be reversed and the election set aside, without costs to either party on appeal.

All concurred.

Decision of County Court reversed and election set aside, without costs to either party.